UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11 C 4842 |
| ERIE INSURANCE EXCHANGE and ) | |
| CINCINATTI INSURANCE ) | Judge John W. Darrah |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMCO Insurance Company ("AMCO") filed a Complaint for Declaratory Judgment against Erie Insurance Exchange ("Erie") and Cincinnati Insurance Company ("Cincinnati") to recover in contribution and subrogation from Erie and Cincinnati for the sums that AMCO paid to settle an underlying bodily injury lawsuit in *Smith v. Cimarron Construction Co, Inc., et al.*, No. 07 L 2729 (the "*Smith* lawsuit"), in the Circuit Court of Cook County, Illinois. Before the Court is Erie's Motion to Dismiss for lack of subject-matter jurisdiction.

## BACKGROUND[1]

On March 15, 2007, Kevin Smith filed the *Smith* lawsuit, in which he sought recovery for bodily injuries he sustained while working at a construction site. (Compl. ¶ 7.) AMCO issued an insurance policy to Cimarron Construction Co., Inc. ("Cimarron"), the carpentry subcontractor. (*Id.* ¶¶ 8-9.) Erie issued an insurance policy

---

[1] The following facts are drawn from AMCO's Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

to Van Der Laan Bros, Inc. ("Van Der Laan Policy"), the concrete subcontractor. (*Id.* ¶ 11.) Cincinnati issued an insurance policy to Hartz Construction Company ("Hartz"), the general contractor. (*Id.* ¶¶ 8, 14.) AMCO and Erie agreed to provide a defense to Hartz because Hartz tendered its defense to AMCO and Erie as an additional insured of the AMCO policies issued to Cimarron. (*Id.* ¶¶ 9, 14-16.)

The *Smith* lawsuit settled after mediation. (*Id.* ¶ 18.) Neither Erie nor Cincinnati contributed to the settlement. (*Id.* ¶ 30.) AMCO paid $1,450,000.00 towards the settlement of the *Smith* lawsuit. (*Id.*) AMCO brings this action to obtain contribution and subrogation from Erie and Cincinnati for this settlement amount.

In its Motion to Dismiss, Erie argues that this Court lacks subject-matter jurisdiction because there is no complete diversity of the parties, as required by 28 U.S.C. § 1332(c)(1). In its Complaint, AMCO alleges that it is an Iowa corporation, with its principal place of business in Des Moines, Iowa. (*Id.* ¶ 3.) AMCO alleges that Erie is a "reciprocal insurance exchange organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in Pennsylvania." (*Id.* ¶ 4.) AMCO alleges that Cincinnati is an "insurance company organized and existing under the laws of the State of Ohio, with its principal place of business located in Ohio." (*Id.* ¶ 5.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise as a defense, by motion, a federal court's lack of subject-matter jurisdiction. The Seventh Circuit has held that although a plaintiff may easily defeat a Rule 12(b)(6) motion to dismiss for failure to state a claim, the same is not true for a Rule 12(b)(1) motion to dismiss for lack of

2

subject-matter jurisdiction. *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). "When reviewing a dismissal for lack of subject-matter jurisdiction . . . the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (*St. John's United Church of Christ*) (citation omitted). However, when a defendant makes this challenge, the plaintiff bears the burden of establishing jurisdiction. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-48 (7th Cir. 2005). If necessary, the Court may also look beyond the jurisdictional allegations to evidence outside of the pleadings to determine whether federal subject-matter jurisdiction exists. *St. John's United Church of Christ*, 502 F.3d at 616. (citations omitted).

## ANALYSIS

For diversity jurisdiction to exist, 28 U.S.C. § 1332 requires complete diversity between parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." "Unincorporated business entities, however, are treated as citizens of every jurisdiction in which any equity investor or member is a citizen."

3

*Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) (*Indiana Gas*); *see also Meyerson v. Harrah's East Chicago Casino*, 266 F.3d 616, 617 (7th Cir. 2002).

Erie argues that because it is an unincorporated business entity, it bears the citizenship of each of its members – some of whom are citizens of Iowa. Specifically, Erie asserts that it is a reciprocal or inter-insurance exchange. It follows, then, that complete diversity is absent as both AMCO and Erie are citizens of Iowa.

"A reciprocal insurance exchange . . . is an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds." *Themis Lodging Corp. v. Erie Ins. Exch.*, No. 1:10 CV 003, 2010 WL 2817251, at * 1 (N.D. Ohio July 16, 2010) (*Themis Lodging Corp.*) (quoting *Adolph Coors Co. v. Truck Ins. Exch.*, No. Civ. A 04-2150, 2005 WL 486580, at *2, n.1 (D.D.C. Feb. 28, 2005)).

In its 2010 Form 10-K report, filed with the U.S. Securities and Exchange Commission, Erie states:

> Erie Indemnity Corporation is a publicly-held Pennsylvania business corporation that since 1925 has been the managing attorney-in-fact for the subscribers (policyholders) at the Erie Insurance Exchange ("Exchange"). *The Exchange is a subscriber-owned Pennsylvania domiciled reciprocal insurer that writes property and casualty insurance.*

(Mot. at 5, Ex. B at 1 (emphasis added).) *See Lavaland, LLC v. Erie Ins. Exchange*, No. 08-771-DRH, 2009 WL 3055489, at *3 (S.D. Ill. Sept. 22, 2009) (*Lavaland*) ("Erie is a reciprocal insurance exchange organized under the Insurance Company Law of Pennsylvania. Control of this organization is vested in its subscribers or policyholders."); *Olson v. Lacey, et al.*, No. 06-C-456-S, 2006 WL 3017486, at *1 (W.D. Wis. Oct. 19, 2006) (*Lacey*) ("Defendant Erie Insurance Exchange . . . is a reciprocal insurance

4

exchange organized under the Insurance Company Law of Pennsylvania. However, control of defendant Erie is collectively vested in its subscribers (i.e., policyholders).").

Erie has submitted the affidavit of Emily Stevens, its Senior Section Supervisor of Reporting and Statistics. (Dkt. No. 5-3, Ex. C.) *See Capitol Leasing Co. v. Federal Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (*per curiam*) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."). In her affidavit, Stevens avers that Erie has policyholders that live in the State of Iowa and has attached a list of Erie's Iowa policyholders. (Dkt. No. 5-3, Ex. C.)

As an unincorporated business entity, Erie bears the citizenship of each of its members – in relevant part, Iowa. *Indiana Gas Co.*, 141 F.3d at 316; *see also Themis Lodging Corp.*, 2010 WL 2817251 at *1 ("Courts have long recognized that reciprocal exchange insurance associations, like Erie, do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member."). Accordingly, because AMCO, an Iowa corporation, is also a citizen of Iowa, there is no complete diversity among the parties.

Almost every court that has decided this issue has concurred in this finding. *Erie Ins. Exch. v. Electrolux Home Products, Inc.*, No. 3:10 CV 615, 2011 WL 2945814, at *1 (W.D.N.C. July 15, 2011) (granting Erie's motion to remand on the basis that there was no diversity jurisdiction because Erie bore the citizenship of its members); *Themis Lodging Corp.*, 2010 WL 2817251, at * 1 (granting Erie's motion to dismiss for lack of subject-mater jurisdiction); *Lavaland*, 2009 WL 3055489, at *3 (same); *Lacey*,

2006 WL 3017486, at *1 (W.D. Wis. Oct. 19, 2006) (granting Erie's motion to remand on the basis that there was no diversity jurisdiction because Erie bore the citizenship of its members); *compare Erie Ins. Exch. v. Davenport Insulation, Inc.*, 616 F. Supp. 2d 578, 580 (D. Md. 2009) (finding that there is no diversity jurisdiction because Erie's policyholders are its customers, not its members); *Garcia v. Farmers Ins. Exch.*, 121 F. Supp. 2d 667, 670 (N.D. Ill. 2000) (*Garcia*) (finding that there is no diversity jurisdiction because Farmers Insurance Exchange's policyholders are its customers, not its members).

AMCO's attempts at circumventing the weight of this authority are not persuasive. First, AMCO argues that because of Erie's failure to produce the Van Der Laan Policy, it has not identified the proper Erie defendant – which, AMCO argues, may be a corporation rather than an insurance exchange. (Resp. at 2.) In response, Erie has presented a copy of the Van Der Laan Policy, which identifies Erie Insurance Exchange as the insured. (Dkt. No. 10, Ex. D.) In addition, Erie has submitted an affidavit from David Baker, the Commercial Line Supervisor for Erie Insurance Group, in which he avers that Erie Insurance Exchange issued the Van Der Laan Policy. (*Id.*, Ex. E.)

Second, AMCO argues that *Garcia* is persuasive because it is "on all fours factually with the case at bar." (Resp. at 3.) Not so. In *Garcia*, Farmers Insurance Exchange ("Farmers") also filed a motion to dismiss based on the lack of diversity jurisdiction. In denying the motion, the court held that Farmers had failed to set forth evidence it had any "members" in the State of Illinois – the state of citizenship of the plaintiff. *Id.* at 670. By contrast here, as described above, Erie has submitted persuasive evidence that its members are citizens of Iowa, thereby destroying complete diversity.

Finally, AMCO argues that the Court of Appeal's decision in *Indiana Gas* supports its position. Specifically, AMCO argues that Erie has characteristics more closely aligned with those of a trust, in which citizenship is determined by the citizenship of the trustee rather than the beneficiaries. (Resp. at 5.) *See Indiana Gas*, 141 F.3d at 318. AMCO's argument is unpersuasive. "Trustees . . . are principals, *owning* and managing a defined pool of assets," and "ownership is what distinguishes a trustee from an agent." *Id* (emphasis added). Erie's Form 10-K Report expressly states that the Exchange is "subscriber-owned." (Dkt. No. 5, Ex. B.)

## CONCLUSION

For the reasons set forth above, Erie's Motion to Dismiss for lack of subject-matter jurisdiction [5, 6] is granted. This case is hereby terminated.

Date: November 16, 2011

JOHN W. DARRAH
United States District Court Judge

7